UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE LEE ZIMMERMAN,

Plaintiff,

v.                                                    CAUSE NO. 3:19-CV-1196-JD-MGG

COUNTY OF ST. JOSEPH, et al.,

Defendants.

OPINION AND ORDER

Shane Lee Zimmerman, a prisoner without a lawyer, filed a complaint regarding

events that occurred at the St. Joseph County Jail. "A document filed pro se is to be

liberally construed, and a pro se complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to

28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss

it if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.

The court applies the same standard as when deciding a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th

Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is

plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir.

2009). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. (internal quotation marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Zimmerman alleges that on December 9, 2019, he was summoned for "mail call," but Deputy Joyce Han had opened his legal mail before he arrived. ECF 1 at 2. According to Zimmerman, Deputy Han picked up the manilla envelope with Zimmerman's name on it and asked him if it was his. When he responded that it was, Deputy Han "turned the manilla envelope over to open it, when [he] noticed that it was already opened." *Id*. Deputy Han told Zimmerman she wasn't the one who had opened it; rather, the envelope had arrived that way. She then continued to pull the contents out of the envelope. Zimmerman describes those contents as "evidential pages" pertaining to a federal civil rights lawsuit involving excessive force in which he was proceeding *pro se*. *Id*. at 3. According to Zimmerman, the envelope was missing one of the four pages that was supposed to be enclosed. The envelope also contained a DVD with body camera footage related that case. Deputy Han took the DVD and told Zimmerman it would be placed with his property at the St. Joseph County Jail. He was given a property slip for the DVD. Zimmerman told Deputy Han he would be filing a grievance against her for opening the legal mail outside of his presence.

The next day, Zimmerman wrote a request to Warden Julia Lawson asking her to allow him to view the DVD. The DVD contained footage he wished to utilize in the aforementioned federal civil rights lawsuit, *Zimmerman v. Bauer*, No. 3:19-CV-610-JD (filed Aug. 6, 2019). Warden Lawson refused Zimmerman's request.

An inmate has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from examining the mail to ensure it does not contain contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). An inmate's "legal mail" is entitled to greater protection. *Id.*; *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is a term of art, however, and refers to mail to or from the inmate's legal counsel that is clearly identified as such; this type of mail may not be opened outside the presence of the inmate. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). The purpose of preventing prisons from opening such mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege. *Wolff*, 418 U.S. at 576-77. Other types of mail may be opened and inspected without violating the inmate's rights. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010); *Kaufman*, 419 F.3d at 686.

Here, Zimmerman does not allege the envelope was marked with a "stamp identifying the sender as an attorney or stating that the mail was confidential." *Id.* Rather, he alleges without elaboration that it was "legal mail" simply because it contained evidence pertinent to his civil rights lawsuit—a lawsuit in which he was proceeding *pro se*. These allegations do not state a claim against Deputy Han. *See Kaufman*, 419 F.3d at 685–86 (finding no constitutional violation had occurred even when prison officials opened a prisoner's alleged legal mail which was marked as being sent by the "U.S. Department of Justice, OEO," the "American Civil Liberties Union," the "Eau Claire County Sheriff's Office," and "Steele Legal Services" among other entities over the course of six months because nothing had identified the contents of the

3

envelopes as being legal mail under the definition of that term as described in *Wolff*); *see also Edwards*, 478 F.3d at 830 (A plaintiff can plead himself out of court if he pleads facts that preclude relief.).

Zimmerman has also named Warden Lawson as a defendant. He does not allege she had any part in processing or distributing the mail. Rather, he simply alleges she refused to let him view the contents of the DVD on December 10, 2019. He signed this complaint two days later. It is unclear from the face of the complaint why Warden Lawson allegedly denied him access to the DVD on the 10th. However, if he was having trouble accessing the discovery materials, he could have filed a motion in his then-pending excessive force lawsuit rather than bringing a separate lawsuit to resolve the issue. A review of that docket indicates Zimmerman utilized the body camera footage to defend against the defendant's summary judgment motion, so it appears he did ultimately gain access to the DVD.[1] *See Zimmerman v. Bauer*, No. 3:19-CV-610-JD (filed Aug. 6, 2019) at ECF 25 & ECF 31. In any event, he has not adequately alleged how he was harmed by the alleged delay. Moreover, although Zimmerman claims the denial violated his Sixth Amendment right to "be my own counsel," the Sixth Amendment applies to criminal proceedings rather than civil proceedings. Thus, he has not stated a viable claim against Warden Lawson.

---

[1] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

Finally, Zimmerman has named the County of St. Joseph, Indiana as a defendant. While local governments can be sued for constitutional violations if a municipal policy or custom gives rise to the harm, the Supreme Court has "reinforced the strict prohibition against allowing principles of vicarious liability to establish municipal liability under § 1983." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). Moreover, there can be no *Monell* liability where there is no underlying constitutional violation. *See Word v. City of Chicago*, 946 F.3d 391, 395 (7th Cir. 2020). Not only has Zimmerman failed to identify any policy or customs, but—as described above—he has not alleged any valid constitutional claims either.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on May 19, 2021

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT